Appeal Nos. 11-8029, 12-8030

# In the United States Court of Appeals for the Seventh Circuit

LARRY BUTLER, JOSEPH LEONARD, KEVIN BARNES, VICTOR MATOS, ALFRED BLAIR, and MARTIN CHAMPION,
individually and on behalf of all others similarly situated,

*Plaintiffs-Appellants/Cross-Appellees,*

vs.

SEARS, ROEBUCK AND CO.,

*Defendant-Appellee/Cross-Appellant.*

On Appeal From the United States District Court
for the Northern District of Illinois, Eastern Division
Case Nos. 1:06-cv-7023, 1:07-cv-0412, and 1:08-cv-1832

**CIRCUIT RULE 54 STATEMENT**

| | |
|---|---|
| Jonathan D. Selbin<br>Mark P. Chalos<br>Jason L. Lichtman<br>**LIEFF CABRASER HEIMANN &<br>  BERNSTEIN, LLP**<br>250 Hudson Street, 8th Floor<br>New York, NY  10013 | Jonathan Shub<br>**SEEGER WEISS, LLP**<br>1515 Market Street<br>Philadelphia, PA  19102 |

Jamie Weiss
Richard J. Burke
**COMPLEX LITIGATION GROUP, LLC**
13 Central Avenue, Suite 300
Highland Park, IL  60035

*Counsel for Plaintiffs-Appellants/Cross-Appellees*
*(Additional Counsel Listed on Signature Page)*

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ............................................................................................... 1

II.  RELEVANT PROCEDURAL HISTORY ............................................................ 2

III. *COMCAST* WARRANTS NEITHER REMAND NOR A CHANGE IN THIS COURT'S PRIOR HOLDING. ................................................................... 3

    A.   GVR Orders Are Not Invitations To Reverse. .......................................... 3

    B.   Remand to the District Court For Purposes of Considering *Comcast* is Inappropriate ............................................................................. 4

    C.   This Court's November 13, 2012 Opinion Remains Rightly Decided. ...................................................................................................... 5

IV.  CONCLUSION ..................................................................................................... 7

Plaintiffs-Appellants/Cross-Appellees ("Plaintiffs") respectfully submit this Circuit Rule 54 Statement. (*See* Doc. 28.)[1]

## I.    INTRODUCTION

Following the Supreme Court's June 3, 2013 grant, vacate, and remand ("GVR") order in this case, Defendant-Appellee/Cross-Appellant Sears, Roebuck and Co. ("Sears") filed a motion to remand (Doc. 23-1), which has now been fully briefed (*see* Doc. 25-1; Doc. 26). Just two weeks ago, however, the United States Court of Appeals for the Sixth Circuit issued an exhaustive, well-reasoned opinion in which it addressed the GVR order and essentially all the arguments in Sears' motion.

Specifically, the Sixth Circuit: 1) reiterated that GVR orders are not thinly veiled instructions to reverse course, 2) held that the particular GVR order in that (and thus, in effect, this) case warranted analysis in the first instance by a circuit court, and 3) concluded that far from undermining its prior opinion affirming class certification, this past term's key Supreme Court Rule 23(b)(3) cases "seal[ed] [its] conviction" that plaintiffs had satisfied the requirements of predominance and superiority. *See In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, No. 10-4188, -- F. 3d --, 2013 U.S. App. LEXIS 14519, at *4-7, 43-54 (6th Cir. July 18, 2013) (attached as Ex. A).

Plaintiffs respectfully submit that the same conclusions are warranted here, and for the same reasons. They thus request denial of Sears' motion to remand, and ask the Court to enter an order reaffirming its November 13, 2013 Opinion in light of recent Supreme Court precedent.

---

[1] "Doc." refers to Case Number 11-8029.

## II.     RELEVANT PROCEDURAL HISTORY

As the Court is aware, this is one of two essentially identical cases; the other is currently pending against Whirlpool Corporation ("Whirlpool") in the Northern District of Ohio. (*See* Doc. 1 at 6-9.)[2] While Sears is the nominal defendant in this case, Whirlpool is the real party in interest because it manufactured all of the front-loading washers at issue and is indemnifying Sears. The procedural history of these cases was discussed in detail in Plaintiffs' Petition for Permission to Appeal (*see id*.), and more generally in Plaintiffs' brief in opposition to remand (*see* Doc. 25-1 at 3). For the Court's convenience, Plaintiffs repeat the only the most relevant aspects of that history here.

On May 3, 2012, the Sixth Circuit issued an opinion affirming certification of an Ohio litigation class asserting Ohio warranty claims in the Whirlpool litigation. *See In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 678 F.3d 409, 421 (6th Cir. 2012), *reh'g en banc denied*, 2012 U.S. App. LEXIS 12560 (June 18, 2012), *vacated*, 133 S. Ct. 1722 (2013). On November 13, 2012, this Court reversed denial of certification of litigation classes covering six states, each asserting claims under a single state's warranty law, based upon similar reasoning. *See Butler v. Sears*, 702 F.3d 359, 363 (7th Cir. Ill. 2012), *reh'g en banc denied*, 2012 U.S. App. LEXIS 26202 (Dec. 19, 2012), *vacated,* 2013 U.S. LEXIS 4213 (June 3, 2013).

---

[2] As this Court explained in its November 13 Opinion, this case actually involves claims arising from two unrelated defects, which should have been severed, an alleged mold defect and an alleged control unit defect. The Sixth Circuit case involves only the mold class; the control unit case there is separate and has trailed the mold class in litigation. For present purposes, it suffices to note that the control unit case here implicates issues largely indistinguishable from those resolved in *Pella Corp. v. Saltzman*, 606 F.3d 391, 395 (7th Cir. 2010) (per curium), though the substantive legal claims differ. For the control unit class, either a number of readily identifiable machines were shipped with a specific manufacturing defect or they were not, and Sears' warranty either obligates it to fix those machines that fail as a result of that defect or it does not. *See id*.; *see also In re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F.3d 604, 617 (8th Cir. 2011), *reh'g en banc denied*, 2011 U.S. App. LEXIS 26271 (Sept. 16, 2011).

The United States Supreme Court issued GVR orders in both cases vacating the opinions, and remanding for further consideration in light of *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013). (*See* Doc. 22.) Whirlpool immediately moved the Sixth Circuit for remand to the Northern District of Ohio, and Sears (represented by the same counsel) filed a substantively identical motion here (*see* Doc. 23-1).

On July 18, 2013, the Sixth Circuit issued an opinion denying Whirlpool's motion to remand and reaffirming the propriety of class certification in light of *Comcast*. *See* Ex. A. Whirlpool has announced that it intends again to petition the Supreme Court for review.

### III. *COMCAST* WARRANTS NEITHER REMAND NOR A CHANGE IN THIS COURT'S PRIOR HOLDING.

#### A. GVR Orders Are Not Invitations To Reverse.

Sears' arguments in favor of remand generally build from the premise that the GVR order indicates that this Court's November 13 Opinion was infirm. (*See, e.g.*, Doc. 26 at 3 ("[T]he GVR order here shows that the Supreme Court believes that *Comcast* has cast 'substantial doubt on the correctness' of this Court's vacated decision . . . .").) This is incorrect:

> a GVR order does not necessarily imply that the Supreme Court has in mind a different result in the case, nor does it suggest that our prior decision was erroneous. The GVR order is not equivalent to reversal on the merits, nor is it "an invitation to reverse."

*Whirlpool*, 2013 U.S. App. LEXIS 14519, at *4 (citations omitted). There is no presumption in favor of reversal, as Sears implies. *See id.* (explaining that the Court's task was to "determine whether [its] original decision [regarding] the class certification order was correct or whether *Comcast Corp*. compels a different resolution").

- 3 -

**B.      Remand to the District Court For Purposes of Considering *Comcast* is Inappropriate.**

Sears argues that further remand to the District Court is necessary because "the district court is best positioned to apply *Comcast* to the evidence and arguments in this case . . . ." (Doc. 29 at 1.)  This misapprehends the GVR order:  the pending question is "whether *Comcast Corp*. has any effect on [the Circuit Court's previous] Rule 23 analysis."  *Whirlpool*, 2013 U.S. App. LEXIS 14519, at *7.  It is this Court, not the District Court, that should consider this question in the first instance.  *Id*.  ("We undertake the task assigned to us, deny the motion to remand, and provide our comprehensive analysis of this case.").

Sears makes two additional arguments in support of remand that merit brief mention (*see* Doc. 26 at 1, 3), not addressed directly by the Sixth Circuit.  First, Sears asserts that Plaintiffs' opposition to remand here is inconsistent with the position Plaintiffs asserted in their Supreme Court briefing.  (*See, e.g.*, Doc. 29 at 1.)  That is plainly wrong.  Plaintiffs seek precisely the same relief now that they did in their opposition to certiorari:  to have this Court articulate the controlling legal standards and decide whether the District Court properly assessed class certification.  In opposition to certiorari, Plaintiffs asked the Supreme Court to deny cert, which would have left in place this Court's original reversal of the District Court's denial of class certification and left it to the District Court to apply *both* that decision and *Comcast*.  Here, Plantiffs respectfully ask this Court to again reverse the District Court's denial of class certification in light of *Comcast* to establish (again) the appropriate legal standard, and only then to remand.  Plaintiffs' positions here and in the Supreme Court are entirely consistent.

Second, Sears argues that "[Plaintiffs] completely ignore [Sears'] showing that discovery has expanded the relevant facts since the district court originally ruled on class certification." (*Id*. at 3.)  This is disingenuous.  Literally *nothing* has happened in the District Court in this case

- 4 -

during appeal; Sears is apparently referring to the Northern District of Ohio, where litigation continued following the Sixth Circuit's initial ruling affirming class certification. Even there, the additional "discovery" cited by Sears refers to additional experts disclosed by Plaintiffs who have addressed economic modeling of class-wide damages. While Plaintiffs here may yet offer similar testimony in this case upon remand, that is a decision in part dependent upon how this Court interprets *Comcast*. Sears' contention that there has been factual development that would alter this Court's analysis, much less somehow make the District Court's manifestly erroneous decision denying class certification into a correct one, is false.

As discussed at greater length in their opposition to Sears' motion to remand (Doc. 24-1 at 5-9), Plaintiffs respectfully submit that remand to the District Court now, without the benefit of this Court's analysis of class certification, would only serve to further delay litigation that has already been pending for more than six years.

### C. This Court's November 13, 2012 Opinion Remains Rightly Decided.

Sears' core argument—that no class should be certified—has little to do with *Comcast*; instead, Sears largely regurgitates the arguments it made (and this Court found wanting) last go round. In particular, Sears argues (again) that individual issues predominate over common ones with respect to all aspect of the claims. (*See, e.g.*, Doc. 26 at 3 ("[D]efect, causation, injury, notice, and a raft of other *liability* questions . . . require individual proof. . . . This case is loaded with purchaser-specific permutations.").) This Court rejected those arguments before, and the Sixth Circuit's new opinion explains again why Sears remains mistaken. *See Whirlpool*, 2013 U.S. App. LEXIS 14519, at *7-54.

For example, notwithstanding Sears' claim that these machines contain various design differences, it does not matter that some are white while others are red: Whirlpool's pre-litigation documents confirm that they are "nearly identical" and most of the differences between

- 5 -

them are "aesthetic." *Id*. at 30; (*cf.* No. 12-8030, Doc. 1, Ex. 4 (8/19/08 Hardaway Decl.) at ¶¶ 6, 8 ("[N]early identical from an engineering standpoint.").) And while Sears notes the truism that everyone uses his or her washing machine slightly differently, "Whirlpool's own documents confirmed that its design engineers knew the mold problem occurred despite variations in consumer laundry habits." *Id*. at 32.[3] Indeed, the Sixth Circuit concluded its extensive analysis by correctly finding that there are essentially *no* individual questions with respect to injury:

> If defective design is ultimately proved, all class members have experienced injury as a result of the decreased value of the product purchased. The remedy for class members who purchased Duets at a premium price but have not experienced a mold problem can be resolved through the individual determination of damages as the district court determined.

*Id*. at \*38; *see also, e.g.*, *In re Zurn Pex*, 644 F.3d at 617 (Minnesota law); *Wolin v. Jaguar Land Rover North America, LLC*, 617 F.3d 1168, 1173 (9th Cir. 2010) (Michigan & Florida law); *McManus v. Fleetwood Enters.*, 320 F.3d 545, 552 (5th Cir. 2003) (Texas law). That holding, of course, is entirely consistent with this Court's November 13, 2012 Opinion.

To the limited extent Sears tries to tether its argument to any holding or language found in *Comcast*, the Sixth Circuit correctly explains why that argument, too, is in error (as is Sears' dogged refusal to acknowledge any relevance of the other Supreme Court decision addressing Rule 23(b)(3) certification last term, *Amgen Inc. v. Connecticut Retirement Plans & Trust Funds*, 133 S. Ct. 1184 (2013)). Indeed, the opposite is true: "[these] two recent governing Supreme Court cases on predominance and superiority seal our conviction that [class certification is

---

[3] In Sears' reply in support of remand, Sears attempts to manufacture additional purportedly individual issues, most notably "the existence of odors." This is *not* a case about odor: Plaintiffs have produced evidence that every machine included within the class definition accumulates excessive mold and requires extraordinary maintenance (undisclosed prior to purchase) to mitigate the chances of that mold developing, the end result of which can be odor. Sears also points to variations in state warranty law. But Plaintiffs have never argued that all six-states at issue should be addressed in a single trial; to the contrary, there is great merit to the single-state "bellwether" trial, the approach adopted by the district court in *Whirlpool*.

appropriate]." *Whirlpool*, at *42 (citing *Amgen* and *Comcast*); *see also id*. at *43-54 (applying *Amgen* and *Comcast*).

Notably, the Sixth Circuit's holding is consistent with both of the other Circuits to consider the import of *Comcast* on such issues. *See Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, No. 12-3176, -- F.3d --, 2013 U.S. App. LEXIS 13842, at *17-18 (10th Cir. July 9, 2013); *Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 514 (9th Cir. 2013).  No Circuit has adopted the broad proposition for which Sears and Whirlpool would like it to stand.  *See id*.; *cf*. *Halvorson v. Auto-Owners Ins. Co.*, No. 12-1716, -- F.3d --, 2013 U.S. App. LEXIS 13580, at *15-16 (8th Cir. July 3, 2013) (reaffirming *In re Zurn Pex*); *Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466 (C.D. Cal. 2012), *23(f) denied*, No. 13-80000 (9th Cir. April 1, 2013) (denying review after *Comcast*), *recons. denied*, No. 13-80000 (9th Cir. April 23, 2013) (denying reconsideration after the *Whirlpool* GVR Order).

## IV.   CONCLUSION

Plaintiffs respectfully ask this Court to enter an order denying Sears' motion to remand (*see* Doc. 23-1) and reaffirming the holdings reached in the Court's November 13, 2013 Opinion in light of *Comcast*.

Dated:  July 29, 2013                              Respectfully submitted,

*/s/ Jonathan D. Selbin*
Jonathan D. Selbin (jselbin@lchb.com)
Jason L. Lichtman (jlichtman@lchb.com)

**LIEFF CABRASER HEIMANN &
   BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: 212.355.9500

Mark P. Chalos (mchalos@lchb.com)
**LIEFF CABRASER HEIMANN &
    BERNSTEIN, LLP**
150 Fourth Avenue North, Ste. 1650
Nashville, TN  37219
Telephone: 615.313.9000

Jonathan Shub (jshub@seegerweiss.com)
**SEEGER WEISS, LLP**
1515 Market Street
Philadelphia, PA  19102
Telephone: 215.564.2300

Jamie Weiss (jamie@complexlitgroup.com)
**COMPLEX LITIGATION GROUP, LLC**
513 Central Avenue, Suite 300
Highland Park, IL  60035
Telephone: 847.433.4500

Richard J. Burke (richard@complexlitgroup.com)
**COMPLEX LITIGATION GROUP, LLC**
1010 Market Street, Suite 1340
St. Louis, MO  63101

Steven A. Schwartz (sas@chimicles.com)
Alison G. Gushue (agg@chimicles.com)
**CHIMICLES & TIKELLIS, LLP**
One Haverford Centre
Haverford, PA  19041
Telephone:  (610) 642-8500

James C. Shah (jshah@sfmslaw.com)
Nathan C. Zipperian (nzipperian@sfmslaw.com)
**SHEPHERD, FINKELMAN, MILLER &
    SHAH, LLP**
35 East State Street
Media, PA  19063
Telephone: 610.891.9880

James J. Rosemergy (jrosemergy@careydanis.com)
**Carey Danis & Lowe**
8235 Forsyth Blvd., Suite 1100
St. Louis, MO  63105
Telephone: 314.725.7700
*Plaintiffs-Appellants/Cross-Appellees*

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Brief in Opposition to Sears' Motion to Remand was filed via the Court's electronic filing system on July 29, 2013, which will serve electronic notice to all parties of record.

>
> */s/ Jason L. Lichtman*
> Jason L. Lichtman
> **LIEFF CABRASER HEIMANN &**
>   **BERNSTEIN, LLP**
> 250 Hudson Street, 8th Floor
> New York, NY 10013-1413
> Telephone: 212.355.9500
> Facsimile: 212.355.9592

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2193 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).


Dated: July 29, 2013                    */s/ Jason L. Lichtman*
                                        Jason L. Lichtman
                                        **LIEFF CABRASER HEIMANN &**
                                           **BERNSTEIN, LLP**
                                        250 Hudson Street, 8th Floor
                                        New York, NY  10013-1413
                                        Telephone:  212.355.9500
                                        Facsimile:  212.355.9592

                                        *Counsel for Plaintiffs-Appellants/Cross-Appellees*